UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY LANDING,

    Plaintiff,

v.                                        Case No.: 6:22-CV-01695-PGB-LHP

L3HARRIS TECHNOLOGIES, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS[1] COUNTS VI – IX
OF PLAINTIFF'S COMPLAINT WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, L3HARRIS TECHNOLOGIES, INC., by and through its undersigned counsel, FISHER & PHILLIPS LLP, and pursuant to Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure, files this Motion to Dismiss Counts VI through IX of Plaintiff's Complaint with Prejudice and Incorporated Memorandum of Law, and in support thereof states as follows:

Plaintiff pleads Counts VI through IX alleging discrimination in violation of the Florida Civil Rights Act, Section 760, Fla. Stat. ("FCRA"). However, Plaintiff's FCRA claims are barred and should be dismissed with prejudice because Plaintiff did not pursue an administrative hearing review of the FCHR's No Reasonable Cause Determination within 35 days and thus has failed to exhaust his administrative remedies prior to filing suit.

---

[1] As stated in the Local Rule 3.01(g) Certification at the end of this Motion to Dismiss, the parties have conferred regarding this Motion and Plaintiff has agreed to file an Amended Complaint to remove Counts VI through IX, at which point the relief sought in this Motion will be moot.

FP 45587913.1

## FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2021, Plaintiff dual-filed a Charge of Discrimination ("Charge") with the FCHR and the Equal Employment Opportunity Commission ("EEOC"). A true and correct copy of the Charge is attached hereto as Exhibit "A" and incorporated by reference as if set forth fully herein.

Within 180 days of the filing of the Charge, on March 18, 2022, the FCHR issued its Determination: No Reasonable Cause ("Determination") finding it "unlikely that unlawful discrimination occurred in this matter." A true and correct copy of the Determination is attached hereto as Exhibit "B" and incorporated by reference as if set forth fully herein.

Contemporaneous with the Determination, the FCHR also issued its Notice of Determination: No Reasonable Cause ("Notice"). A true and correct copy of the Notice is attached hereto as Exhibit "C" and incorporated by reference as if set forth fully herein. The Notice advised Plaintiff that he "may request an administrative hearing with the Division of Administrative Hearings by filing a Petition for Relief within 35 days of the date the determination was signed by the Executive Director," and that the "determination of no reasonable cause will become final if [Plaintiff] does not file a Petition for Relief within 35 days, and the Commission will dismiss the Complaint."

At all times relevant to the Charge, Determination, and Notice, Plaintiff was represented by legal counsel. At no time prior to filing his Complaint did Plaintiff request an administrative hearing or file a Petition for Relief with the Division of

Administrative Hearings or the FCHR.

## JUDICIAL NOTICE OF FCHR RECORDS

In general, a district court "must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." See Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Rule 12(b), Federal Rules of Civil Procedure (Rule(s))). However, the Eleventh Circuit recognizes certain exceptions to this rule. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010). As relevant here, courts may consider properly judicially noticed documents in resolving a motion to dismiss. See id. (holding that the district court "properly took judicial notice" of documents which were "public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'" (quoting Fed. R. Evid. 201(b)); Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

Exhibits "A," "B," and "C," which are attached to this Motion – the Charge, the Determination, and the Notice, respectively – are part of the FCHR's administrative record and not subject to reasonable dispute. As such, this Court should take judicial notice of these documents. See Fed. R. Evid. 201(b)(2); Horne, 392 F. App'x at 802; Miller v. Fla. Hosp. Waterman, No. 5:13-cv-249-Oc-10PRL, 2013 WL 5566063, at *3 n.2 (M.D. Fla. Oct. 8, 2013) (taking judicial notice of FCHR and EEOC records); Hawthorne v. Baptist Hosp., Inc., No. 3:08cv154/MCR/MD, 2008 WL 5076991, at *3-4 (N.D. Fla. Nov. 24, 2008).

## ARGUMENT AND MEMORANDUM OF LAW

"As a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, [a] claimant is required to file a complaint with the FCHR within 365 days of the alleged violation." See Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So. 2d 891, 894 (Fla. 2002) (citing Fla. Stat. § 760.11(1)).

Significantly, under the FCRA, an aggrieved party may seek redress in court, "only after the [FCHR] determines there is reasonable cause to believe that unlawful discrimination occurred, or the charge remains unresolved for 180 days . . ." See Sheridan v. State of Fla., Dep't of Health, 182 So. 3d 787, 792 (Fla. 1st DCA 2016).

If, within the 180-day period, the FCHR determines that there is no reasonable cause, then "the claimant is limited to review before an administrative law judge under Chapter 120, Florida Statutes, and cannot file a civil action unless that review is successful." Id. (emphasis added) (citing Fla. Stat. § 760.11(7)). The claimant must seek review within 35 days of the date of the determination or else it is barred. Fla. Stat. § 760.11(7) ("If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred."); Ayers v. Wal-Mart Stores, Inc., 941 F. Supp. 1163, 1167 (M.D. Fla. 1996) ("[F]ailure to pursue administrative remedies after a 'no reasonable cause' dismissal by the FCHR bars any court action for relief.").

Indeed, "'[o]nce a complainant pursues an administrative hearing, he or she may only file suit if (1) the hearing officer finds a violation of the FCRA; and (2) the commission adopts the hearing officer's recommendation.'" See Miller, 2013 WL 5566063, at *3 (quoting Santillana v. Fla. State Court Sys., No. 6:09–cv–2095–Orl–

19KRS, 2010 WL 271433, at *5 (M.D. Fla. Jan. 15, 2010)).

As such, unless overturned through the administrative process, "a 'no cause' determination precludes a civil suit under the FCRA . . ." See Woodham, 829 So. 2d at 895. Stated differently, "[b]efore a plaintiff may bring an FCRA civil action, he must exhaust his administrative remedies, as set forth in Fla. Stat. § 760.11." See McCullough v. Nesco Res. LLC, 760 F. App'x 642, 646 (11th Cir. 2019).

As to Plaintiff's FCRA claims, while he availed himself of the administrative process before the FCHR as required under Florida law, he was ultimately unsuccessful. Plaintiff did not thereafter pursue an administrative review of the FCHR's No Reasonable Cause Determination. Therefore, Plaintiff cannot pursue his FCRA claims in this or any court as they are barred.

**WHEREFORE**, Defendant, L3HARRIS TECHNOLOGIES, INC, respectfully requests that this Court enter an Order dismissing Counts VI through IX with prejudice and granting such further and additional relief as the Court deems appropriate under the circumstances.

                                                          s/ Justin W. McConnell
Jeffrey E. Mandel, Esq.
Florida Bar No.: 613126
E-mail: jmandel@fisherphillips.com
Justin W. McConnell, Esq.
Florida Bar No.: 112631
E-mail: jmcconnell@fisherphillips.com
FISHER & PHILLIPS LLP
200 South Orange Avenue, Suite 1100
Orlando, FL  32801
Telephone:  (407) 541-0888
Fax:  (407) 541-0887
Counsel for Defendant

## LOCAL RULE 3.01(g) CERTIFICATION

I, Justin W. McConnell, counsel for Defendant, certify that on November 2, 2022, Plaintiff's counsel and Defendant's counsel conferred via telephone regarding the grounds for, and relief sought by, this Motion, and the Plaintiff has agreed to file an Amended Complaint removing Counts VI through IX, at which point the relief sought in this Motion will be moot.

                                                s/ Justin W. McConnell
                                                Justin W. McConnell

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following counsel for Plaintiff: Tanesha W. Blye, Esquire [tblye@saenzanderson.com], Juliana Cortes, Esquire [juliana@saenzanderson.com], and R. Martin Saenz, Esquire [msaenz@saenzanderson.com], SAENZ & ANDERSON, PLLC, 20900 NE 30th Avenue, Ste. 800, Aventura, Florida 33180.

                                                s/ Justin W. McConnell
                                                Justin W. McConnell