UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.: 6:22-CV-01695-PGB-LHP

GREGORY LANDING,

Plaintiff,

v.

L3 HARRIS TECHNOLOGIES, INC.,

Defendant.

## FIRST AMENDED COMPLAINT

Plaintiff GREGORY LANDING (the "Plaintiff") sues Defendant L3 HARRIS TECHNOLOGIES, INC. (collectively, the "Defendants") and alleges:

### JURISDICTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. Additionally, this action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

### VENUE

4. The Defendant is a corporation duly authorized to do business and conducting business in Brevard County, Florida.

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

1

5. The Plaintiff is a resident of Brevard County, Florida, within the jurisdiction of this Honorable Court.

6. The acts or omissions giving rise to this Complaint occurred in whole or in part in Brevard County, Florida.

7. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendant has its principal place of business within the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Brevard County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

8. At all times material, the Plaintiff was employed by the Defendant as a Senior Associate Network Control Specialist from October 16, 2017, until his wrongful termination on April 21, 2021.

9. Throughout his employment, the Plaintiff performed his work in a satisfactory manner.

10. When the Covid pandemic started on or about March of 2020, Defendant allowed Plaintiff and other similarly situated co-workers to use PTO to take time off during COVID. In the case of Plaintiff, it was necessary for him to use PTO to take time off during COVID because his daughter and his wife were considered "high risk." Plaintiff took approved Paid Time Off ("PTO") for a brief period at the beginning stages of the Covid pandemic in 2020.

11. Plaintiff's immediate supervisor, Jessica Mondesoir, brought Plaintiff his work computer to his house so Plaintiff could work from home.

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

2

12. While Plaintiff was off of work because of COVID, using his PTO, Plaintiff's General Managers, Gary Bird-Foxwell and Sean St. John, called Plaintiff on the phone and told him to go back to work in the Primary Network Operations Control Center (PNOCC) that night. This occurred on or about April 11, 2020.

13. In response, Plaintiff went to Defendant's Human Resources Department ("HR") and requested to extend leave for the rest of the week of April 11, 2020, due to the threat he might pose to his daughter and wife once he went back to the PNOCC. This request for extended leave was approved by HR.

14. General Managers Gary Bird-Foxwell and Sean St. John were not happy that HR had granted Plaintiff his request for extended leave. Defendant considered this leave to count against Plaintiff's remaining PTO and left Plaintiff with no more available PTO for the rest of the year, per Defendant's employment policies. Plaintiff went back to work consistently until on or about June 25, 2020.

15. On or about June 26, 2020, Plaintiff's disabled mother fell seriously ill. Plaintiff requested sick leave to management and his request was approved but later after sick time had been submitted and approved, management requested that he change his time off to PTO. On July 8, 2020, Plaintiff's mother passed, and her death caused Plaintiff severe distress and depression. Plaintiff's distress and depression lasted through at least April of 2021.

16. On or about July 9, 2020, Plaintiff's General Managers Gary Bird-Foxwell and Sean St. John called Plaintiff and instructed him to go back to work at the PNOCC "immediately."

17. Plaintiff explained that his disabled mother had just passed, and, in response, Sean St. John mentioned to Plaintiff that he could apply for FMLA leave and bereavement.

18. Plaintiff requested FMLA leave to cover the period of time from his disabled mom's death until his return to work, and his request was approved by Defendant.

19. Plaintiff went back to work in August of 2020. Upon his return, Plaintiff was called into a meeting attended by his Supervisor, Paul Bersoux.

20. At this meeting, Plaintiff's managers/supervisors informed Plaintiff that he was going to be put into a Performance Improvement Plan ("PIP") due to "attendance." This negatively affected Plaintiff's terms of employment because this meant that if Plaintiff did not "improve," he could be terminated. Plaintiff objected, but his objection was ignored.

21. Plaintiff filed an "Ethics Complaint" against his supervisors/managers because he did not think he should be punished for taking **approved** time off for Covid-related reasons and under the FMLA. Plaintiff continued to experience distress as a result of Defendant's uncalled for PIP.

22. In late October 2020, Plaintiff used two sick days due to a shoulder injury which rendered Plaintiff disabled or made him regarded as disabled by the Defendant. Plaintiff's shoulder injury required surgery on November 7, 2020. Plaintiff again requested FMLA leave from November 7, 2020, through mid-January 2021. Defendant approved Plaintiff's FMLA leave.

23. On or about March 2021, Plaintiff was reprimanded because of a "Ticket Procedure Infraction" that involved moving a port on a switch. Plaintiff explained that the infraction was not fault because he had properly informed management of the port move. In response, Defendant advised Plaintiff that this incident would not prevent Plaintiff to have a satisfactory performance review.

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

4

24. On or about March 12, 2021, Plaintiff's General Managers Gary Bird-Foxwell and Sean St. John called Plaintiff and advised him that he would no longer be assigned to the Federal Aviation Administration Telecommunications Infrastructure Program (the "FTI Program"). Instead, Gary Bird-Foxwell and Sean St. John instructed Plaintiff to work from home and to spend his work hours looking for a new position within the Defendant. Plaintiff's General Managers further instructed him to use an Interactive Data Language Code ("IDL Code") when submitting for payroll.

25. Later, Plaintiff's supervisors instructed Plaintiff to go back to the office and work.

26. In response, Plaintiff asked why he was being required to work on site when only employees who work in the PNOCC are required to work in the on-site office, while employees who do not work in the PNOCC are allowed to work remotely from home.

27. Plaintiff's supervisors insisted that they had decided for Plaintiff to work on site. HR confirmed this was Plaintiff's supervisors' decision.

28. Feeling defeated, Plaintiff complied and went to work on-site. He was the only employee in the building who worked five days per week, eight hours per day. All other employees worked on-site and remotely nine consecutive days with every other Friday off, or they worked ten-hour shifts.

29. On or about April 21, 2021, Plaintiff was called into a meeting and was terminated.

30. All conditions precedent to bringing this action have occurred, been performed or been excused.

31. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: FMLA RETALIATION

32. The Plaintiff repeats and re-alleges paragraphs 1 – 31 as if fully stated herein.

33. At all times material to this Complaint, the Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

34. The Plaintiff worked for the Defendant for at least 12 months before the date any applicable FMLA leave was to begin.

35. The Plaintiff worked for the Defendant for at least 1,250 hours during the 12-month period before the date any applicable FMLA leave was to begin.

36. At all applicable times, Plaintiff was entitled to the FMLA leave because he had one or more FMLA-qualifying reason(s). Specifically, when Plaintiff's mother was seriously ill and Plaintiff had to take care of his mother, Plaintiff had a FMLA-qualifying reason. Similarly, when Plaintiff took time off to see his doctor and undergo surgery, he had himself a serious health condition that prevented Plaintiff from performing the functions of his job.

37. At all times material, the Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

38. The Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800　　　Telephone: 305.503.5131
Aventura, Florida 33180　　　Facsimile: 888.270.5549

6

39. At all times material, the Plaintiff gave proper notice to the Defendant by informing the Defendant of his qualifying reasons.

40. The Plaintiff provided enough information for the Defendant to know that his potential leaves may be covered by the FMLA.

41. The Defendant was aware of the Plaintiff's qualifying reasons.

42. Despite approving Plaintiff's requests for leave under the FMLA, Defendant later reprimanded, put Plaintiff in a PIP, mandated that Plaintiff to go work "in-person," gave Plaintiff different work schedule than his co-workers, and ultimately terminated Plaintiff because he had used leave under the FMLA.

43. Defendant has intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against the Plaintiff for having taken leave under the FMLA.

44. The Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of his reprimand(s), the PIP, the requirement that Plaintiff to go work "in-person," the different work schedule, and the termination of Plaintiff's employment with the Defendant.

45. The effect of the practice complained of above has been to deprive the Plaintiff of equal employment opportunities and, in fact, his employment, because of such complaint.

46. As a direct and proximate result of the intentional violations by the Defendant of the Plaintiff's rights under the FMLA, Plaintiff has been damaged in that the Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the FMLA;

B. Award the Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award the Plaintiff liquidated damages based on the Defendant's conduct;

D. Award the Plaintiff prejudgment interest on his/her damages award;

E. Award the Plaintiff reasonable costs and attorneys' fees;

F. Award the Plaintiff any further relief pursuant to the FMLA; and,

G. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT II: DISABILITY DISCRIMINATION (DISPARATE TREATMENT) – ADA**

47. The Plaintiff repeats and re-alleges paragraphs 1 – 31 as if fully stated herein.

48. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

49. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

50. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

51. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

52. The Plaintiff was an "employee" of the Defendant as defined by the ADA.

53. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

54. Plaintiff suffered from distress and depression caused by the loss of his mother and by Defendant's retaliatory PIP, change of schedule, and requirement that he go to work in-person to the office. Also, Plaintiff was disabled or regarded as disabled when he took time off to take care of his shoulder injury, which required surgery.

55. The Plaintiff's above referenced health condition qualified as disabilities or were regarded as disabilities by the Defendant, within the meaning of the ADA.

56. The Defendant was aware of the Plaintiff's medical condition, including the specific cause for his condition.

57. At all times during her employment, the Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

58. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

59. The Defendant treated Plaintiff differently than similarly situated employees and terminated the Plaintiff because of his disabilities or perceived disabilities, in violation of the ADA.

60. Plaintiff was disabled in that the distress, depression, and shoulder injury, which required hospitalization, substantially impacted major life activities of the Plaintiff.


61. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

62. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

B. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award the Plaintiff prejudgment interest on his/her damages award;

E. Award the Plaintiff reasonable costs and attorneys' fees; and

F. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: DISABILITY DISCRIMINATION BY ASSOCIATION – ADA

63. The Plaintiff repeats and re-alleges paragraphs 1 – 32 as if fully stated herein.

64. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

65. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

66. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

    b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

67. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

68. The Plaintiff was an "employee" of the Defendant as defined by the ADA.

69. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

70. The ADA protects employees from discrimination based on their relationship or association with an individual with a disability, whether or not the employee has a disability.

71. Plaintiff's mother, when alive and close to her death, was disabled and the Defendant knew it.

72. Plaintiff was reprimanded for taking time to care for his dying disabled mother.

73. Plaintiff was put on PIP for taking time to care for his dying disabled mother.

74. Plaintiff was treated different than his similarly situated co-workers because he took time off to take care of his dying disabled mother.

75. Plaintiff was ultimately terminated because he took time off to care for his dying disabled mother.

**SAENZ & ANDERSON, PLLC**  
20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131  
Aventura, Florida 33180     Facsimile: 888.270.5549

11

76. Plaintiff was reprimanded, put on PIP, treated differently than similarly situated co-workers, and ultimately fired because of his association with his mother, a dying disabled person.

77. The Defendant was aware of the Plaintiff's mother's disability and of Plaintiff's association with his mother.

78. At all times during his employment, the Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

79. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating the Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

80. The Defendant treated Plaintiff differently than similarly situated employees and terminated the Plaintiff because of his association with his mother, a dying disabled person, in violation of the ADA.

81. As a direct and proximate result of the above-described actions of the Defendant, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

82. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

B. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

12

C. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award the Plaintiff prejudgment interest on his damages award;

E. Award the Plaintiff reasonable costs and attorneys' fees; and

F. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: DISABILITY DISCRIMINATION (RETALIATION) – ADA

83. The Plaintiff repeats and re-alleges paragraphs 1 - 32 as if fully stated herein.

84. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

85. At all times material hereto, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

86. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

87. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

88. The Plaintiff was an "employee" of the Defendant as defined by the ADA.

89. The Defendant employs more than 15 employees and was the Plaintiff's employer within the meaning of the ADA, 42 USC § 12111(5).

90. The Plaintiff objected to Defendant's discriminatory acts towards him due to his disability (or perceived disability) and his association with his mother, a dying disabled woman.

91. In response, Defendant reprimanded Plaintiff, put him on a PIP, removed him from his position, put him to work every Friday, treated Plaintiff different than his co-workers, and ultimately terminated Plaintiff's employment.

92. 'The Defendant's stated actions were motivated by intent to retaliate against the Plaintiff for his protected activities under the ADA.

93. The Defendant violated the ADA or acted with reckless disregard for whether its actions were prohibited.

94. As a direct and proximate result of the intentional violations by the Defendant, the Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

95. Furthermore, as a direct and proximate result of such actions by the Defendant, the Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendant's conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

B. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

D. Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

E. Award the Plaintiff prejudgment interest on her damages award;

F. Award the Plaintiff reasonable costs and attorneys' fees; and

G. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: HOSTILE WORK ENVIRONMENT – ADA

96. The Plaintiff repeats and re-alleges paragraphs 1 – 32 as if fully stated herein.

97. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

98. At all times material, the Defendant was a "person" and an "employer" as defined by 29 U.S.C. § 630.

99. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, Miami District Office;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

100. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

101. At all times relevant, Plaintiff was a disabled person, he was regarded as disabled, or he was protected by the ADA by reason of his association to his mother, a dying disabled woman.

102. Commencing on or about July 9, 2020, Defendant engaged in a persistent pattern of severe and pervasive harassment toward Plaintiff, which created a hostile environment for Plaintiff in the workplace.

103. The Plaintiff did not welcome the harassing conduct and objected to the hostile work environment created by the Defendant.

104. The Plaintiff was subjected to the harassment because of his disability or perceived disability, or because of his association to Plaintiff's mother, a dying disabled woman.

105. The harassment adversely affected the Plaintiff's psychological well-being.

106. The harassment unreasonably interfered with the Plaintiff's work performance.

107. The harassment to which the Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable person

108. The harassment was sufficiently widespread, pervasive, and prevalent in the Defendants' workplace at all times pertinent hereto to charge the Defendant with constructive notice of it.

109. The Plaintiff gave Defendant actual notice of the harassment.

110. Defendant failed to investigate the Plaintiff's complaint and failed to take adequate remedial action.

111. The harassment continued to occur following the Plaintiff's complaint and the Defendant's response.

112. The Plaintiff sustained emotional suffering and injury attributable to the harassment.

113. Defendant acted with malice and with reckless indifference to the Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of the ADA;

B. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C. Award the Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered and continues to suffer;

D. Award the Plaintiff liquidated damages based on the Defendant's willful and/or reckless conduct;

E. Award the Plaintiff prejudgment interest on her damages award;

F. Award the Plaintiff reasonable costs and attorneys' fees; and

G. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: November 16, 2022.

Respectfully submitted,

By: **/s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

17

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*